Matter of Shanley (2020 NY Slip Op 07838)





Matter of Shanley


2020 NY Slip Op 07838


Decided on December 23, 2020


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ. (Filed Dec. 23, 2020.)


&em;

[*1]MATTER OF PAUL MICHAEL SHANLEY, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.



OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on January 13, 1970, and he maintains an office in Oswego. In 2019, the Grievance Committee filed a petition against respondent alleging that he neglected a client matter, engaged in deceit to conceal the neglect from the client, and violated certain trust account rules. In response, respondent filed an answer admitting the material allegations of the petition and submitted written matters in mitigation. Respondent also appeared before this Court to be heard in mitigation.
Respondent admits that, in May 2010, he filed on behalf of a client a claim against the State and commenced a separate civil action against certain medical treatment providers alleging that the client did not receive timely medical treatment while incarcerated. After the client died in April 2011, respondent filed an amended claim against the State and an amended civil complaint against the medical treatment providers seeking relief on behalf of the client's estate and its executrix.
Respondent admits that, in June and September 2012, the defendants in the civil action served discovery demands, including an omnibus demand and a demand for expert witness disclosure. In addition, in September 2012, the State filed a civil claim against the client's estate in Surrogate's Court seeking payment for unpaid medical bills. Respondent admits that he subsequently failed to respond to the discovery demands in a timely manner or request an extension of time to do so. Respondent also admits that he failed to notify the executrix of the outstanding discovery demands or the civil claim asserted against the estate in Surrogate's Court.
Respondent admits that, in January 2013, the defendants in the civil action moved for an order of preclusion based on respondent's failure to respond to the outstanding discovery demands and, in March 2013, the trial court entered an order directing that the motion be granted unless respondent provided discovery responses within 60 days. Respondent admits that, although he served partial discovery responses in June 2013, he thereafter failed to reply to the defendants' demand for complete discovery responses, failed to consult with the executrix regarding the outstanding discovery requests, and defaulted in responding to the trial court's conditional order of preclusion.
Respondent admits that, in February 2014, the defendants in the civil action moved to dismiss the amended complaint based on respondent's persistent failure to provide required discovery. Respondent admits that, shortly thereafter, he executed a stipulation discontinuing the action against the State, without obtaining permission from the executrix to do so. Respondent also admits that he subsequently failed to respond to the defendants' motion to dismiss and, in March 2014, the trial court entered an order granting the motion and dismissing the amended complaint with prejudice.
Respondent admits that he did not notify the executrix that the civil action had been dismissed and, in 2015, he falsely advised the executrix that the defendants in the civil action had agreed to settle the matter for $9,000. Respondent admits that he thereafter used funds from his law office operating account to obtain a bank check jointly payable to the executrix and respondent's law firm and, several days later, he met with the executrix and asked her to endorse the check, which he referred to as a "settlement check." Respondent admits that he also gave the executrix a trust account check in the amount of $7,176 for her purported share of the settlement proceeds. Respondent admits that, although he requested that the executrix hold the check until the purported settlement funds could be deposited into his trust account, the executrix negotiated the check before respondent deposited any additional funds into his trust account, which resulted in the trust account check being paid from funds belonging to respondent's other clients. Respondent admits that he thereafter deposited personal funds into his trust account to replenish the shortfall, thereby commingling his personal funds with client funds.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.3 (c)—intentionally failing to carry out a contract of employment entered into with a client for professional services;
rule 1.4 (a) (1) (iii)—failing to inform a client of material developments in a matter;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.15 (a)—misappropriating funds belonging to another person and commingling personal funds with such funds;
rule 8.4 (c)—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice.
In determining an appropriate sanction, we have considered the matters in mitigation submitted by respondent, including his statement that the misconduct occurred while he was experiencing mental health issues for which he has sought treatment. We have also considered certain aggravating factors, including that respondent has an extensive disciplinary history that includes five letters of caution and three letters of admonition issued by the Grievance Committee, and an order of public censure issued by this Court (Matter of Shanley, 136 AD3d 118 [4th Dept 2015]). We have additionally considered that the misconduct herein involved respondent's extreme neglect of a client matter and failure to communicate with a client that culminated in a calculated course of deceitful conduct whereby respondent misled a client about the outcome of the matter. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of one year and until further order of the Court. We further direct that any application for reinstatement filed by respondent following the period of suspension must include proof that he is continuing mental health treatment, that he is following all treatment recommendations, and that he has entered into a mental health treatment monitoring agreement with the New York State Bar Association Lawyer Assistance Program for a period of two years.